UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAILAH NABEEL MOHAMED GHALEB, *et al.*,<br><br>      *Plaintiffs*,<br><br>    v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>      *Defendants*. | Civil Action No. 23-03736 (AHA) |

**Transfer Order**

Lailah Nabeel Mohamed Ghaleb and her husband, Ali Abdulsalam Kasem Shaif, sue the U.S. Citizenship and Immigration Services ("USCIS"), the agency's director, and the Secretary of Homeland Security in relation to the processing and denial of an I-130 petition Ghaleb filed on behalf of Shaif. The defendants move to transfer or dismiss the case based on improper venue—that is, they say the suit was filed in the wrong place. ECF No. 22. For the reasons below, the Court transfers this action to the U.S. District Court for the Central District of California.

**I.   Background**

Ghaleb is a lawful permanent resident living in Ridgeland, Mississippi. ECF No. 21 ¶ 16. She is married to Shaif, a Yemeni citizen. *Id.* ¶ 17. Their complaint describes Ghaleb's filing of an I-130 petition for Shaif, and USCIS's issuance of notices of intent to deny the petition based on questions related to the validity of their marriage under Yemeni law. *Id.* ¶¶ 25–53. Ghaleb and Shaif assert claims under the Administrative Procedure Act, the Fifth Amendment's due process and equal protection clauses, and the Declaratory Judgment Act.

1

The defendants move to transfer or dismiss the case. They do not argue the complaint fails to state claims for relief; they argue only that the action should be transferred to the Southern District of Mississippi, where Ghaleb lives. *See* ECF No. 22. The plaintiffs defend their venue choice and, in the alternative, ask for transfer to the Central District of California, where USCIS employees processed, adjudicated, and denied the petition. *See* ECF No. 24 at 2.

## II.     Discussion

A case may be transferred to any district where venue is also proper "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (cleaned up). Such transfer does not require that the initial forum be "wrong." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). But "transfer in derogation of properly laid venue" should "be justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in that statute." *Starnes v. McGuire*, 512 F.2d 918, 925–26 (D.C. Cir. 1974).

As one judge of this Court put it: "Deciding a § 1404 motion to transfer is like dancing a Texas two-step: First, could the suit have been brought in the transferee court? And second, should the suit be brought in the transferee court?" *Gyau v. Sessions*, No. 18-cv-407, 2018 WL 4964502, at *1 (D.D.C. Oct. 15, 2018) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616–43 (1964)). Applying these principles, the Court agrees the case should be transferred, but not to the place the defendants ask for. The Court finds the appropriate venue is the Central District of California and transfers the case there.

2

First, it's clear the plaintiffs' claims could have been brought in the Central District of California. All parties agree on that. *See* ECF No. 25 at 6 (defendants recognizing that plaintiffs have the option of "filing a suit in that venue"); ECF No. 24 at 2 (arguing that the Central District of California is an appropriate alternative venue). It is undisputed the Central District of California is where Ghaleb's I-130 petition—the principal subject of this case—was processed, adjudicated, and denied—the principal actions challenged in this case. *See* ECF No. 22 at 1; ECF No. 25 at 2.[1]

Second, although this District may have been a proper venue, the Court finds the plaintiffs' claims should have been brought in the Central District of California. For this inquiry, courts consider relevant "public and private interests." *McAfee, LLC v. U.S. Citizenship and Immigration Servs.*, No. 19-cv-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (quoting *Gyau*, 2018 WL 4964502, at *1). "The public interests include the transferee court's familiarity with the governing laws, each court's relative congestion, and the local interest in resolving the controversy." *Id*. (quoting *Gyau*, 2018 WL 4964502, at *1). The first two factors are neutral here. The plaintiffs assert federal claims, so both this Court and the Central District of California are equally familiar. As for the relative congestion of courts, as usual, "[d]epending on which metric a Court chooses to assess relative congestion, the weighing of this factor points in different directions." *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 337 (D.D.C. 2020). The Central District of California has a higher total caseload than this District, but it has a comparable number of pending cases per judge and a substantially shorter median time from filing to

---

[1] The Court need not (and therefore does not) specifically find venue improper in this District. In arguing venue is improper here, the defendants argue there is no basis for naming the Secretary, who they say is the only defendant located in D.C. ECF No. 22 at 11–14. The Court does not embrace that argument in transferring the case. To the extent the defendants continue to argue the Secretary is an improper defendant, independent from their challenge to venue in D.C., it will be for the transferee court to decide such questions, including whether the defendants have forgone such challenges by failing to assert them among their arguments for dismissal.

disposition for civil cases.[2] The third consideration favors transfer. The plaintiffs' complaint focuses on the legality of processing and adjudication by USCIS employees located in the Central District of California, and courts have "a local interest in having localized controversies decided at home." *Adams v. Bell*, 711 F.2d 161, 167 (D.C. Cir. 1983) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)); *see also Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 271 (D.D.C. 2018) (recognizing that the district where the local USCIS field office is located "may have a superior interest").

The private interests also favor transfer. These include "the plaintiff's preferred forum, the defendant's preferred forum, where the claim arose, and the convenience to the parties, to the witnesses, and to the evidence." *McAfee*, 2019 WL 6051559, at *1 (quoting *Gyau*, 2018 WL 4964502, at *1). While the plaintiffs maintain D.C. is their first choice and the defendants advance Mississippi for their first choice, those preferences are tempered by all parties' acknowledgment that the Central District of California is an appropriate venue. And, while Mississippi may be convenient for one of the plaintiffs, the claims at issue focus not on anything any party did in Mississippi, but on the defendants' processing and adjudication of those claims in California. The Central District of California, "as the situs of the challenged action, the holder of the strongest local interest in the dispute, and the location of all relevant witnesses and evidence, is the optimal venue for this litigation." *Melnattur v. United States Citizenship & Immigr. Servs.*, No. 20-cv-3013, 2021 WL 3722732, at *9 (D.D.C. Aug. 23, 2021). Transferring the case also heeds "the Court of Appeals's command to 'guard against the danger that a plaintiff might name high government officials as defendants to bring a suit here that properly should be pursued elsewhere.'" *Gyau*, 2018

---

[2] *See* U.S. District Courts-Combined Civil and Criminal, Federal Court Management Statistics-Profiles (March 31, 2025), https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0331.2025.pdf.

WL 4964502, at *2 (cleaned up) (quoting *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993)). Thus, while the parties' different preferred fora neutralize the first two factors, their agreement as to a proper alternative venue and the remaining private factors favor transfer to the Central District of California. *See McAfee*, 2019 WL 6051559, at *2 (finding "the prudential balance favors transfer" to the Central District of California after examining public and private interests).

Accordingly, Defendants' motion to transfer, ECF No. 22, is granted in part and denied in part. Defendants' motion to dismiss, ECF No. 22, is denied as moot. This case could and should have been brought in the Central District of California, and this Court accordingly transfers it there "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

_____
AMIR H. ALI
United States District Judge

Date:   August 7, 2025